Filed 11/3/22  P. v. Garza CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081250 |
| Plaintiff and Respondent, | (Super. Ct. No. SC076259B) |
| v. | |
| EFRAIN GARZA, JR., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Mary K. McComb, State Public Defender, under appointment by the Court of Appeal, Craig Buckser and Jessie Hawk, Deputy State Public Defenders, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Daniel B. Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Levy, Acting P. J., Detjen, J. and Snauffer, J.

# INTRODUCTION

In 2000, petitioner Efrain Garza, Jr., pled nolo contendere to the first degree murder of Chad Yarbrough (Pen. Code,[1] § 187, subd. (a); count 1).[2] Petitioner admitted the special circumstance that he committed the murder while engaged in the commission or attempted commission of carjacking (§ 190.2, subd. (a)(17)(L)).[3] The trial court sentenced petitioner to a term of life without the possibility of parole.

In 2019, petitioner filed a petition for resentencing pursuant to former section 1170.95 (now § 1172.6).[4] The trial court denied the petition because petitioner admitted the carjacking special circumstance, which required him to admit he was a major participant acting with reckless disregard for human life, a disqualifying factor pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437).

On appeal, petitioner contends he has established a prima facie case for entitlement of relief because the special circumstance admission cannot establish his ineligibility for resentencing as a matter of law because his conviction predates our Supreme Court's decisions in *Banks*/*Clark*,[5] which clarified the meaning of "major

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Multiple counts and allegations were dismissed as a part of the plea. These are discussed in further detail below.

[3] At the time petitioner entered his plea, the carjacking special circumstance was alleged in the original information in error pursuant to section 190.2, subdivision (a)(17)(xii). However, the minutes of the plea reflect that petitioner admitted a carjacking special circumstance pursuant to section 190.2, subdivision (a)(17)(L). At a subsequent proceeding, the district attorney amended the information by interlineation to allege the carjacking special circumstance pursuant to section 190.2, subdivision (a)(17)(L). Petitioner stipulated to the amendment.

[4] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

[5] *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

participant" and "reckless indifference to human life." Therefore, he argues he has established a prima facie case for relief under section 1172.6 entitling him to an evidentiary hearing.

While petitioner's appeal was pending, our Supreme Court held a pre-*Banks*/*Clark* special circumstance finding and/or admission does not render a section 1172.6 petitioner ineligible for relief as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).) Therefore, based on *Strong*, we must vacate the trial court's order and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

We include a brief summary of the facts of this case taken from the preliminary hearing transcript dated January 26 to 27, 1999.[6]

On the night of October 14, 1997, petitioner and Juan Ramirez approached Yarbrough and Brent Y.[7] who were sitting inside a truck. Petitioner pointed a gun at Yarbrough's chest and ordered both Yarbrough and Brent out of the truck. Petitioner entered through the passenger's side door and Ramirez entered through the driver's side door. Brent got out, but Yarbrough remained inside the truck. The truck was then driven away. Later on, Yarbrough was found dead with three gunshot wounds to the head. Yarbrough's hands were also tightly bound with shoelaces and tape was placed over his eyes.

---

[6] We provide these facts from the preliminary hearing transcript for background purposes only because they were cited by petitioner in his opening brief. However, we do not rely on these facts in resolving the issues presented in this appeal and take no position on whether this evidence is admissible to determine petitioner's eligibility for resentencing. (See § 1172.6, subd. (d)(3) ["[H]earsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule."]; see also *People v. Flores* (2022) 76 Cal.App.5th 974, 978, fn. 2.)

[7] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

On February 5, 1999, the Kern County District Attorney filed an information charging petitioner with the first degree murder of Yarbrough (§ 187, subd. (a); count 1), with the special circumstances that the murder was committed during the commission or attempted commission of kidnapping (§ 190.2, former subd. (a)(17)(ii) and carjacking (§ 190.2, former subd. (a)(17)(xii)), and a firearm enhancement (§ 12022.5, subd. (d)); kidnapping with the intent to commit robbery (§ 209, subd. (b)(1); count 2), with a firearm enhancement (§ 12022.5, subd. (a)); and carjacking (§ 215, subd. (a); count 3), with a firearm enhancement (§ 12022.5, subd. (a)).

On July 6, 2000, petitioner pled nolo contendere to first degree murder (§ 187, subd. (a); count 1) and admitted the carjacking special circumstance (§ 190.2, subd. (a)(17)(L)). The trial court dismissed remaining counts and allegations on the People's motion. The People's motion was conditioned on petitioner serving a term of life without the possibility of parole. Accordingly, on August 3, 2000, the trial court sentenced petitioner on count 1 to a term of life without the possibility of parole.

On July 22, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1172.6. In the form petition, petitioner stated a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he pled guilty or no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial pursuant to the felony-murder rule or the natural and probable consequences doctrine; and he could not now be convicted of first or second degree murder because of changes to sections 188 and 189, effective January 1, 2019. Petitioner also requested the court appoint counsel during the resentencing process.[8]

---

[8] It appears petitioner initially checked boxes stating that he was convicted of first degree felony murder and could not now be so convicted because he was not the actual killer, did not aid and abet the murder with intent to kill, and was not a major participant

4.

On February 15, 2019, the trial court appointed counsel for petitioner. The People filed a motion to dismiss the petition, arguing that Senate Bill No. 1437 was unconstitutional, and petitioner, through appointed counsel, filed a response arguing the constitutionality of Senate Bill No. 1437. The People filed an amended motion to dismiss arguing Senate Bill No. 1437 was unconstitutional on additional grounds. Petitioner filed a response. The trial court denied the People's motion to dismiss.

The People then filed a response to the petition on the merits, arguing petitioner was ineligible for resentencing because he admitted the special circumstance allegation and thereby admitted he was a major participant in the felony and acted with reckless indifference to human life. The People also argued the facts adduced at petitioner's preliminary hearing established he was a major participant in the felony and acted with reckless indifference to human life. Petitioner filed a reply arguing he made a prima facie showing of entitlement to relief.

On May 29, 2020, the trial court denied petitioner's petition finding:

> "[W]hen the [petitioner] entered a guilty plea, including the admission to the special circumstance, that the legal effect of that admission is that for all purposes the legal and factual issues relative to the special circumstance are conclusively resolved. And so when the petitioner admitted the special circumstance he admitted he was a major participant, acting with reckless disregard for human life. And as a matter of law I find that means that he has failed — that the petitioner has failed to meet his burden to establish a prima facie case, and the petition is denied."

A timely appeal followed.

During the pendency of this appeal, petitioner submitted a request on June 8, 2022, asking this court to continue oral argument "to some date" after our Supreme Court filed its decision in *Strong*. On June 22, 2022, we granted petitioner's request and ordered that

---

in the felony or did not act with reckless indifference to human life, and the victim was not a peace officer in the performance of his or her duties. However, it appears petitioner's check marks next to these boxes were subsequently covered up or whited out.

5.

oral argument be placed on calendar when remittitur issued in *Strong* and allowed for either party to file supplemental briefing no later than 15 days from the date remittitur issued in that case. On September 15, 2022, petitioner filed a letter brief and stated, "In light of the *Strong* decision, the Attorney General—counsel for the respondent—has authorized me to represent to the Court respondent's agreement that the case should not be rescheduled for oral argument; instead, it should be remanded forthwith." Based on *Strong*, we issued an order that it was "the intention of the court to reverse and remand this matter with directions [to the trial court] to issue an order to show cause," but provided either party 15 days to serve and file an objection. Since that order was filed, no objections were received. Accordingly, in light of *Strong*, the trial court's order denying the section 1172.6 petition is reversed and the matter remanded for further proceedings.

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the

6.

following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[9]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1172.6 (former § 1170.95) to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1172.6, subd. (a).)

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]
>
> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

---

[9] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(1)-(3); see § 1172.6, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel."  (§ 1172.6, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition.  (§ 1172.6, subd. (b)(2).)  Otherwise, counsel must be appointed, if requested.  (§ 1172.6, subd. (b)(3).)  The prosecutor must file a response and the petitioner may file a reply.  The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.)  In making this determination, the court may rely on the record of conviction, which includes, but is not limited to, jury instructions and verdict forms.  (*Lewis*, at pp. 970-971, 972.)  However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at pp. 971-972.)  "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."  (§ 1172.6, subd. (c).)

On the other hand, if the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts."  (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).)  At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1172.6, subd. (d)(3).)  The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens.  The admission of evidence at the hearing is governed by

8.

the Evidence Code.  However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and the matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion."  (§ 1172.6, subd. (d)(3).)  Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule.  (§ 1172.6, subd. (d)(3).)

## II.    Analysis

Petitioner contends the special circumstance admission cannot establish his ineligibility for resentencing because *Banks*/*Clark* substantively changed the legal meaning of both "major participant" and "reckless indifference to human life."  Based on our Supreme Court's holding in *Strong*, we agree.[10]

Prior to *Strong*, the Courts of Appeal were split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1172.6 resentencing relief as a matter of law.  Our Supreme Court recently resolved this split and made clear that when, as here, a petitioner's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6."  (*Strong*, *supra*, 13 Cal.5th at p. 721.)  "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*."  (*Id*. at p. 710.)  The *Strong* court noted the *Banks* and *Clark* cases "both substantially clarified the law governing findings under . . . section 190.2, subdivision (d)."  (*Id*. at p. 706.)  Further, the court

---

**10** Petitioner further contends the Legislature implicitly prohibited a section 190.2, subdivision (a)(17) special circumstance admission from excluding an individual from section 1172.6 resentencing relief as a matter of law and that none of the traditional preclusion doctrines apply to permit use of the special circumstance admission as a bar to resentencing.  Because we conclude petitioner established a prima case for relief under section 1172.6, we do not address his remaining arguments in this opinion.

articulated a pre-*Banks* and *Clark* special circumstance finding does not negate the showing a petitioner could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 "because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at p. 718.)

Because of the differences between the pre-and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court stated the changes may "have altered what evidence defense counsel would have sought to introduce[,] . . . might have fundamentally altered trial strategies" (*Strong*, *supra*, 13 Cal.5th at p. 719), and may have affected what jury instructions were requested or given (*id*. at p. 720). "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Ibid*.) "For petitioners with pre-*Banks/Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time. Allowing reexamination of the issue under these circumstances does not permit 'a second bite of the apple' because the changes in the law mean there is now 'a different apple.' " (*Id*. at p. 718.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Id*. at p. 720.)

Here, petitioner admitted the section 190.2, subdivision (a)(17) special circumstance approximately 15 years before *Banks* and *Clark* were decided. Pursuant to

10.

*Strong*, this admission does not preclude petitioner from stating a prima facie case for relief. (*Strong*, *supra*, 13 Cal.5th at p. 721.) Moreover, a petitioner's prima facie case is not barred even if the evidence is sufficient to support the special circumstances post-*Banks* and *Clark*. (*Id*. at p. 710; see *Lewis*, *supra*, 11 Cal.5th at p. 972 [In reviewing the record at the prima facie stage, "a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "].)

Petitioner's section 1172.6 petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6. Nothing in the record indicates petitioner is ineligible for relief as a matter of law, and thus, we must remand the matter for the trial court to issue an order to show cause and, to the extent necessary, conduct an evidentiary hearing. (§ 1172.6, subds. (c), (d)(1) & (3).) We express no opinion on the ultimate resolution of the petition.

## **DISPOSITION**

The trial court's order denying petitioner's section 1172.6 petition is reversed. On remand, the trial court is directed to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).

11.